UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW HOPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| EXTERRAN CORP., MARK R. SOTIR, ) | |
| ANDREW J. WAY, WILLIAM M. ) | |
| GOODYEAR, JAMES C. GOUIN, JOHN P. ) | |
| RYAN, CHRISTOPHER T. SEAVER, ) | |
| HATEM SOLIMAN, and IEDA GOMES ) | |
| YELL, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on January 24, 2022 (the "Proposed Transaction"), pursuant to which Exterran Corporation ("Exterran" or the "Company") will be acquired by Enerflex Ltd. ("Enerflex") and Enerflex US Holdings Inc. ("Merger Sub").

2. On January 24, 2022, Exterran's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an Agreement and Plan of Merger (the "Merger Agreement") with Enerflex and Merger Sub. Pursuant to the terms of the Merger Agreement, Exterran's stockholders will receive 1.021 shares of Enerflex common stock for each share of Exterran common stock they own.

3. On March 18, 2022, defendants filed a registration statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Exterran common stock.

9. Defendant Exterran is a Delaware corporation and a party to the Merger Agreement. Exterran's common stock is traded on the New York Stock Exchange under the ticker symbol "MTOR."

10. Defendant Mark R. Sotir is Chairman of the Board of the Company.

11. Defendant Andrew J. Way is President, Chief Executive Officer, and a director of the Company.

12. Defendant William M. Goodyear is a director of the Company.

13. Defendant James C. Gouin is a director of the Company.

14. Defendant John P. Ryan is a director of the Company.

15. Defendant Christopher T. Seaver is a director of the Company.

16. Defendant Hatem Soliman is a director of the Company.

17. Defendant Ieda Gomes Yell is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

19. Exterran is a global systems and process company offering solutions in the oil, gas, water, and power markets. The Company is a leader in natural gas processing and treatment and compression products and services, providing critical midstream infrastructure solutions to customers throughout the world.

20. On January 24, 2022, Exterran's Board caused the Company to enter into the Merger Agreement.

21. Pursuant to the terms of the Merger Agreement, Exterran's stockholders will receive 1.021 shares of Enerflex common stock per share.

22. According to the press release announcing the Proposed Transaction:

Enerflex Ltd. ("Enerflex" or the "Company") (TSX: EFX) and Exterran Corporation ("Exterran") (NYSE:EXTN) today announced a business combination

(the "Transaction") to create a premier integrated global provider of energy infrastructure. The company will operate as Enerflex Ltd. and will remain headquartered in Calgary, Alberta, Canada. Through greater scale and efficiencies, the transaction will strengthen Enerflex's ability to serve customers in key natural gas, water, and energy transition markets, while enhancing shareholder value through sustainable improvements in profitability and cash flow generation.

The companies will combine in an all-share transaction pursuant to which Enerflex will acquire all of the outstanding common stock of Exterran on the basis of 1.021 Enerflex common shares for each outstanding share of common stock of Exterran, resulting in approximately 124 million Enerflex common shares outstanding upon closing, representing an implied combined enterprise value of approximately US$1.5 billion. The transaction value for Exterran is approximately US$735 million, which represents an 18% premium to Exterran's enterprise value as at January 21, 2022. The transaction value paid for Exterran implies an EV/2022E Adjusted EBITDA of 3.6x and Price/2022E Cash Flow of 1.9x, including synergies, respectively. Upon closing of the Transaction, Enerflex and Exterran shareholders will respectively own approximately 72.5% and 27.5% of the total Enerflex common shares outstanding. Enerflex will continue to trade on the Toronto Stock Exchange ("TSX") and intends to apply to either the New York Stock Exchange (the "NYSE") or the NASDAQ exchange ("NASDAQ") for the listing of Enerflex common shares to be effective upon Transaction close. . . .

Governance and Leadership

One Exterran director will be appointed to Enerflex's Board of Directors at closing. Mr. Marc Rossiter will continue to serve as Enerflex's President and Chief Executive Officer and a member of the Board of Directors of Enerflex and will oversee all aspects of integration. Mr. Sanjay Bishnoi will continue to serve as Enerflex's Chief Financial Officer. Enerflex's Executive Management Team will continue to serve in their current roles.

Timing and Approvals

The Transaction is expected to close in the second or third quarter of 2022, subject to, among other things: the approval of the Transaction by Exterran stockholders; the approval by Enerflex shareholders of the issuance of Enerflex common shares pursuant to TSX requirements in connection with the Transaction; regulatory approvals; and other customary closing conditions, including those of the TSX and the NYSE or NASDAQ, as applicable.

Copies of the Transaction agreement and related materials will be filed by Enerflex with the Canadian securities regulators and will be available for viewing under Enerflex's profile on www.sedar.com. Enerflex shareholders are urged to read the information circular once available as it will contain important information concerning the Transaction.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

23. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

24. As set forth below, the Registration Statement omits material information.

25. First, the Registration Statement omits material information regarding the Company's and Enerflex's financial projections.

26. The Registration Statement fails to disclose: (i) all line items used to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

27. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

28. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Wells Fargo.

29. With respect to Wells Fargo's Exterran Selected Public Companies Analysis, the Registration Statement fails to disclose: (i) the individual multiples and metrics for the companies; and (ii) the basis for only utilizing the Company and Enerflex as the selected companies.

30. With respect to Wells Fargo's Exterran Selected Precedent Transactions Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions.

31. With respect to Wells Fargo's Exterran Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the terminal values; and (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates.

32. With respect to Wells Fargo's Enerflex Selected Public Companies Analysis, the Registration Statement fails to disclose: (i) the individual multiples and metrics for the companies; and (ii) the basis for only utilizing the Company and Enerflex as the selected companies.

33. With respect to Wells Fargo's Enerflex Selected Precedent Transactions Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions.

34. With respect to Wells Fargo's Enerflex Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the terminal values; and (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates.

35. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

36. The omission of the above-referenced material information renders the Registration Statement false and misleading.

37. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Exterran**

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Exterran is liable as

the issuer of these statements.

40. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

41. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

42. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

43. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

44. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

45. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of Exterran within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers

and/or directors of Exterran and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

50. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 24, 2022                             **RIGRODSKY LAW, P.A.**

                                        By:  */s/ Gina M. Serra*
                                             Gina M. Serra
                                             825 East Gate Boulevard, Suite 300
                                             Garden City, NY 11530
                                             Telephone: (516) 683-3516
                                             Email: gms@rl-legal.com

                                             *Attorneys for Plaintiff*

9